**Frankel Syverson** pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Mayra Rodriguez, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Pride Dealer Services Inc., a Florida corporation, | **[JURY TRIAL DEMANDED]** |
| Defendant. | |

Plaintiff Mayra Rodriguez ("Plaintiff") for her Complaint against Pride Dealer Services Inc. ("Defendant" or "Pride") alleges as follows:

### I. NATURE OF THE CASE

1.      Plaintiff alleges that she is entitled to unpaid wages including unpaid minimum wage and unpaid overtime for all hours worked exceeding forty (40) in a workweek, liquidated damages, and attorneys' fees and costs, pursuant to the Fair Labor

- 1 -

Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§ 206, 207, 216(b).

2. Plaintiff further alleges that she is entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by A.R.S. § 23-350 *et seq.* ("Arizona Wage Statute) and unpaid minimum wage under A.R.S. § 23-363 *et seq.* ("Arizona Minimum Wage Statute").

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 201 *et seq.* and 28 U.S.C. § 1331.

4. Plaintiff's State law claims are sufficiently related to the FLSA claims that they form part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Defendant in this District.

## III. PARTIES

6. Plaintiff was a non-exempt employee of Pride from on or around June 14, 2023 until on or around August 28, 2023.

7. Plaintiff was employed by Pride as the District Manager in Arizona.

8. Plaintiff was a non-exempt employee entitled to overtime and the minimum wage under the FLSA and an employee entitled to timely payment of wages under the Arizona Wage Statute and the minimum wage under the Arizona Minimum Wage Statute.

9. Defendant Pride Dealer Services is a Florida corporation that operates a car reconditioning business in Arizona and did business in Arizona at all relevant times. Defendant at all relevant times has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000. Defendant, by and through its agents and employees, set Plaintiff's

compensation and controlled her employment and the employment policies applicable to her, including compensation policies and practices.

10. At all relevant times, Pride was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

11. Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362(A), and A.R.S. § 23-350(2) and a non-exempt employee under 29 U.S.C. § 213(a)(1).

### IV. FACTUAL BACKGROUND

12. Pride provides car reconditioning services to customers, including customers in Arizona.

13. Pride hired Plaintiff to work as a District Manager in Arizona assisting with its vehicle reconditioning business.

14. From June 14, 2023 until August 28, 2023, Plaintiff worked as District Manager for Pride.

15. During Plaintiff's tenure as an employee at Pride, Plaintiff was compensated on an hourly basis at $25 per hour.

16. Plaintiff was not paid on a salary or fee basis or any other predetermined wage. At all relevant times, Plaintiff's compensation was entirely dependent on the quantity of time she worked as she was paid on a per hour basis.

17. Plaintiff routinely was denied overtime at time and a half her regular rate of pay in violation of the FLSA.

18. In addition, Pride routinely required Plaintiff to work off the clock for hours that she was not compensated for, in addition to the hours reflected on her pay statements.

19. During a typical week, Plaintiff worked seven days per week from 5 a.m. until 9 p.m.

20. However, Plaintiff was typically paid for the hours when she was physically at the Pride location, totaling approximately 10 to 12 hours per day. Plaintiff typically worked approximately 4 hours off the clock per day during her employment completing invoices and other duties required by Pride.

21. As a result of this off the clock work, Plaintiff was routinely not paid for all the overtime hours she worked.

22. In addition to not being paid for the proper number of hours worked, Pride also failed to pay Plaintiff at the proper overtime rate.

23. The FLSA mandates overtime pay at time and a half an employee's regular rate of pay for hours worked over forty in a workweek. As such, Plaintiff's overtime rate should be $37.50 per hour for hours worked over forty per week.

24. However, Pride failed to pay Plaintiff time and a half her regular rate of pay for hours worked over forty in a workweek.

25. For example, Plaintiff's pay statement for July 6, 2023 to July 19, 2023 indicates that she worked 106.283 hours, and she was paid $25 per hour for all hours worked for a total of $2,657.08. Pride only paid her regular time and failed to pay her time and a half her regular rate, which is $37.50 per hour, for hours Plaintiff was required to work over forty hours per week.

26. Similarly, Plaintiff worked 101.516 hours for the pay period from July 20, 2023 to August 2, 2023 at $25 per hour for a total of $2,537.90. Pride only paid her regular time and failed to pay Plaintiff time and a half her regular rate of pay for the hours she worked over forty per workweek.

27. These are just two examples from Plaintiff's pay statements of how Pride failed to pay Plaintiff the proper overtime rate in accordance with the FLSA throughout her employment.

28. In addition, Pride failed to account for the time Plaintiff was required to work off the clock when determining the total number of hours she was supposed to be paid. Plaintiff worked approximately 4 hours per day off the clock that she was not paid for, and she should be compensated straight time when those hours were under 40 and overtime when those hours were over 40 per week.

/ / /

/ / /

29. For example, Plaintiff performed work duties during her 1 hour lunch for which her pay was automatically deducted for that time.  She also had to complete invoices and other work duties when she was no longer clocked in by Pride with their knowledge.

30. Pride failed to keep accurate records of Plaintiff's time worked because the system does not account for time she was required to work outside of when she was clocked in at the company facility.

31. Pride also failed to pay Plaintiff for regular hours she worked, and Pride failed to pay her the minimum wage.

32. For example, Plaintiff worked approximately 79 hours during her final pay period from August 17, 2023 through August 31, 2023.  Plaintiff was discharged on August 28, 2023, but Plaintiff was not paid until September 15, 2023, which is more than 7 working days past her date of discharge and a violation of Arizona law for timely payment of wages.  In addition, Plaintiff's final paycheck for the 79 hours she worked from August 17, 2023 through August 31, 2023 amounted to $500, which is an hourly rate of only $6.33 and well below the minimum wage required by federal and Arizona law.  Even Pride's time records indicate that Plaintiff worked 77.52 hours in this pay period, which results in an hourly wage of $6.45 and well below the federal or Arizona minimum wage, when accounting for the fact that she was only paid $500 for that period.

33. Pride wrongfully withheld wages from Plaintiff by failing to timely pay wages due to Plaintiff for all hours she worked, including unpaid regular time and unpaid overtime.  Pride also failed to pay Plaintiff the minimum wage during her final pay period.

34. Pride's unpaid wage violations were willful.  Pride was aware of its obligations to pay Plaintiff timely wages due, including overtime at the proper rate and the minimum wage.  Despite that knowledge, Pride willfully failed to pay Plaintiff timely wages, including failing to pay her proper overtime and minimum wage.

/ / /

/ / /

/ / /

## V.  COUNT ONE

**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*)**

35. Plaintiff reasserts the allegations set forth in the above paragraphs.

36. Pride paid Plaintiff on an hourly basis and she is entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

37. At all relevant times, Pride has been, and continues to be, subject to the overtime provisions of the FLSA because its employees are engaged in interstate commerce and Pride has annual revenue in excess of $500,000.

38. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

39. Pride was an employer pursuant to 29 U.S.C. § 203(d).

40. Pride failed to comply with 29 U.S.C. § 207 because Plaintiff worked in excess of forty hours per week, but Pride failed to pay her for those excess hours at the statutorily required rate of one and one-half times her regular rate of pay as required by the FLSA.

41. The work was performed at Pride's direction and with Pride's knowledge.

42. Pride willfully violated the FLSA by failing to pay Plaintiff all wages due including time and a half for all hours accrued beyond forty hours in a workweek.

43. Pride failed to keep accurate records of Plaintiff's hours as required by the FLSA.

44. Pride has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

45. As a result of the willful violations of the FLSA's overtime pay provisions, Pride has unlawfully withheld overtime wages from Plaintiff.  Accordingly, Pride is liable to Plaintiff for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of this action.

## VI. COUNT TWO

**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*)**

46. Plaintiff reasserts the allegations set forth in the above paragraphs.

47. Defendant paid Plaintiff on an hourly basis, and she is entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

48. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

49. Plaintiff is a non-exempt employee entitled to the statutorily mandated minimum wage according to the FLSA.

50. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

51. Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay Plaintiff the minimum wage as required by the FLSA.

52. The work was performed at Defendant's direction and/or with Defendant's knowledge.

53. Defendant willfully violated the FLSA by failing to pay Plaintiff the minimum wage due.

54. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

55. As a result of the aforesaid willful violations of the FLSA's minimum wage pay provisions, Defendant has unlawfully withheld the minimum wage from Plaintiff. Accordingly, Defendant is liable to Plaintiff for unpaid wages including minimum wage compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

/ / /

/ / /

/ / /

## VII.  COUNT THREE

**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*)**

56. Plaintiff reasserts the allegations set forth in the above paragraphs.

57. At all material times hereto, Plaintiff was employed by Defendant within the State of Arizona and has been entitled to the rights, protections, and benefits provided under the Arizona Minimum Wage Statute.

58. Plaintiff was entitled to the minimum wage as defined by A.R.S. § 23-363.

59. Defendant was an employer pursuant to A.R.S. § 23-362(B).

60. Defendant is aware that, under A.R.S. § 23-363, it was obligated to pay minimum wage due to Plaintiff.

61. Defendant failed to pay Plaintiff minimum wage due without a good faith basis for withholding wages.

62. Defendant has willfully failed and refused to pay minimum wage due to Plaintiff.  As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

## VIII.  COUNT FOUR

**(Failure to Pay Timely Payment of Wages under the Arizona Wage Statute – A.R.S. § 23-350 *et seq.*)**

63. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

64. Pride was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

65. Pride was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff.

66. Pride failed to timely pay Plaintiff wages she was due without a good faith basis for withholding the wages.

/ / /

/ / /

67. Pride has willfully failed to timely pay wages due to Plaintiff. As a result of Pride's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

68. Accordingly, Pride is liable to Plaintiff for all unpaid wages including, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350, *et seq.*

## IX.  REQUESTED RELIEF

WHEREFORE, Plaintiff prays:

A. For the Court to declare and find that Pride committed one or more of the following acts:

    i. willfully violated provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, by failing to pay overtime and minimum wages due to Plaintiff;

    ii. violated the recordkeeping requirements of the FLSA;

    iii. willfully violated the Arizona Minimum Wage Statute by failing to pay Plaintiff the minimum wage due; and

    iv. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff.

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355 and/or statutory damages and remedies pursuant to A.R.S. § 23-364;

C. For the Court to award interest on all wage compensation accruing from the date such amounts were due;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs under the FLSA and Arizona law;

F. For the Court to award pre- and post-judgment interest;

/ / /

1   G.   For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

H.   For such other relief as the Court deems just and proper.

### X.  DEMAND FOR JURY TRIAL

69.   Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED:  September 18, 2023.

**FRANKEL SYVERSON PLLC**

By   *Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*