**Frankel Syverson** pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mayra Rodriguez,<br><br>        Plaintiff,<br><br>v.<br><br>Pride Dealer Services Inc., a Florida corporation,<br><br>        Defendant. | Case No. CV-23-01955-PHX-ROS<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff, through undersigned counsel, submits this Motion for Default Judgment on all claims against Defendant Pride Dealer Services, Inc.

**I.     Procedural Background**

Plaintiff filed the above-captioned case on September 28, 2023, seeking to recover timely payment of wages due, overtime, and the minimum wage under the Fair Labor

- 1 -

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Arizona Wage Statute, A.R.S. § 23-350 *et seq.*, and Arizona Minimum Wage Statute, A.R.S. § 23-363 *et seq.* Doc. 1. This Court issued a summons for Defendant on September 18, 2023. Doc. 4. Plaintiff made five attempts to personally serve Defendant via process server at its current known business address but was unable to effectuate service via process server. Doc. 7-1. On October 17, 2023, the Court granted Plaintiff's Motion for Alternative Service, allowing Plaintiff to serve Defendant by certified mail at the address listed for Defendant's statutory agent. Doc. 8. Pursuant to that Order, Plaintiff served Defendant with the Summons and Complaint via certified mail on October 18, 2023, which was delivered to Defendant on November 17, 2023. Docs. 9, 10-1. Nevertheless, Defendant failed to plead or otherwise defend the action. As a result, the clerk entered default against Defendant on December 14, 2023. Doc. 11.

Plaintiff now seeks default judgment against Defendant. In support of this Motion, Plaintiff relies upon the record in this case and Plaintiff's declaration submitted contemporaneously herewith as Exhibit A.

**II.     Legal Standard**

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b). In determining whether to grant default judgment, the general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Aguirre v. Custom Image Pros LLC*, 2023 WL 4237329, at *1 (D. Ariz. June 28, 2023)(citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Id.* at *2 (citing *Elektra Entrnm't Group v. Bryant*, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004)). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff

providing a mathematical calculation and does not need a damages hearing. *Fed. R. Civ. P* 55(b)(2). *Id.* at *6 ("The Court may enter a default judgment without a damages hearing when, as here, 'the amount claimed is a liquidated sum or capable of mathematical calculation.'")(internal citation omitted).

### III. Default Judgment is Appropriate.

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake, if any; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, the factors weigh in favor of entering judgment in favor of Plaintiff as outlined in this Motion.

#### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id.* Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and would be without other recourse to recover. *Aguirre*, 2023 WL 4237329, at *3 (citing *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)). Because Defendant refuses to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. Plaintiff would certainly be prejudiced if the Court declines to enter default judgment, for it would leave Plaintiff without any remedy against Defendant who failed to contest this dispute. This factor weighs heavily in favor of default judgment.

#### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). As stated above, after the clerk enters default, the factual allegations of the complaint are taken as true. *Aguirre*, 2023 WL 4237329, at *2 (citing *Televideo Sys. Inc. v. Heindenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987)). Plaintiff has adequately pled her

claims for unpaid wages under the FLSA, Arizona Wage Statute, and Arizona Minimum Wage Statute. Doc. 1. In the Complaint, Plaintiff alleged that she worked numerous hours for Defendant that she was not paid for, resulting in violations of those wage statutes. *Id.* Moreover, because the factual allegations of the Complaint are deemed true by entry of default, Plaintiff has conclusively established that Defendant violated the wage statutes at issue.

### 3. The Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176. Plaintiff worked for Defendant for approximately two and a half months at an hourly rate of $25. Exhibit A at ¶¶ 3-5.

Plaintiff worked 550.7 hours in unpaid overtime from work she was required to perform off the clock, which results in $20,651.18 in back wages calculated as follows:

| **Unpaid Overtime owed at 1.5x** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Per Pay Statements** | | | | **Calculations** | | | |
| Pay date | Hours Paid For | Hourly Rate | Amount Paid | Hours Worked* | Overtime Hours Worked but Not Paid For | Overtime Hourly Rate ($25 x 1.5) | Overtime Owed |
| 6/30/2023 | 65.217 | $25.00 | $1,630.43 | 128 | 54.93 | $37.50 | $2,059.88 |
| 7/14/2023 | 83.700 | $25.00 | $2,092.50 | 224 | 140.300 | $37.50 | $5,261.25 |
| 7/28/2023 | 106.283 | $25.00 | $2,657.08 | 224 | 117.717 | $37.50 | $4,414.39 |
| 8/11/2023 | 101.516 | $25.00 | $2,537.90 | 224 | 122.484 | $37.50 | $4,593.15 |
| 8/25/2023 | 119.000 | $25.00 | $2,975.00 | 224 | 105.000 | $37.50 | $3,937.50 |
| 9/15/2023 | 28.000 | $25.00 | $700.00 | 79 | 10.267 | $37.50 | $385.01 |
| | | | | | 550.698 | | $20,651.18 |

*Worked 7 days a week from 5am to 9pm = 16 hours per day or 112 hours per week

Exhibit A at ¶¶ 19-21.

Plaintiff also worked 107.7 hours of overtime that was only paid at her regular rate instead of her overtime rate, resulting in $1,346.45 in back wages calculated as follows:

/ / /

| Unpaid Overtime owed at Half-time ||||||| 
|---|---|---|---|---|---|---|
| Per Pay Statements |||| Calculations |||
| Pay date | Hours Paid For | Hourly Rate | Amount Paid | Hours Over 40 Paid at Regular Rate | Half-time Hourly Rate | Unpaid Half-time Owed |
| 6/30/2023 | 65.217 | $25.00 | $1,630.43 | 17.217 | $12.50 | $215.21 |
| 7/14/2023 | 83.700 | $25.00 | $2,092.50 | 3.700 | $12.50 | $46.25 |
| 7/28/2023 | 106.283 | $25.00 | $2,657.08 | 26.283 | $12.50 | $328.54 |
| 8/11/2023 | 101.516 | $25.00 | $2,537.90 | 21.516 | $12.50 | $268.95 |
| 8/25/2023 | 119.000 | $25.00 | $2,975.00 | 39.000 | $12.50 | $487.50 |
| 9/15/2023 | 28.000 | $25.00 | $700.00 | 0.000 | $12.50 | $0.00 |
| | | | | 107.716 | | **$1,346.45** |

Exhibit A at ¶¶ 22-23.

Plaintiff also worked 58.9 hours in unpaid regular time during her first and last pay periods, resulting in $1,471.25 in back wages calculated as follows:

| Unpaid Straight Time |||||||
|---|---|---|---|---|---|---|
| Per Pay Statements |||| Calculations |||
| Pay date | Hours Paid For | Hourly Rate | Amount Paid | Hours Worked* | Regular Hours up to 40 Worked but Not Paid For | Regular Hourly Rate | Unpaid Straight Time Owed |
| 6/30/2023 | 65.217 | $25.00 | $1,630.43 | 128 | 7.85 | $25.00 | $196.25 |
| 7/14/2023 | 83.700 | $25.00 | $2,092.50 | 224 | 0.00 | $25.00 | $0.00 |
| 7/28/2023 | 106.283 | $25.00 | $2,657.08 | 224 | 0.00 | $25.00 | $0.00 |
| 8/11/2023 | 101.516 | $25.00 | $2,537.90 | 224 | 0.00 | $25.00 | $0.00 |
| 8/25/2023 | 119.000 | $25.00 | $2,975.00 | 224 | 0.00 | $25.00 | $0.00 |
| 9/15/2023 | 28.000 | $25.00 | $700.00 | 79 | 51.00 | $25.00 | $1,275.00 |
| | | | | | 58.85 | | **$1,471.25** |
| *Worked 7 days a week from 5am to 9pm = 16 hours per day or 112 hours per week ||||||||

Exhibit A at 24-25.

And, Plaintiff's work performed off the clock resulted in unpaid minimum wage during her final pay period. Plaintiff worked 79 hours during her final pay period and received a total of $700 dollars in compensation for this period - one payment for $500 and a second payment for $200. Exhibit A at ¶ 26. Plaintiff calculated her unpaid minimum wage damages as follows: $700 total compensation received divided by the 79 hours that

Plaintiff worked during the pay period which equals a pay rate of $8.86 per hour. Subtracting $8.86 from the applicable Arizona minimum wage rate of $13.85 per hour, equals a deficit of $4.99 per hour. 79 hours multiplied by $4.99 per hour equals $394.21 owed in back wages for unpaid minimum wage. Exhibit A at ¶¶ 26-27.

The above damages calculations support that Plaintiff is owed $23,863.09 in back wages for her claims under the wage statutes at issue. The amount of money at stake can be readily quantified using Plaintiff's hourly rate in connection with the claims alleged in the Complaint and is supported by Plaintiff's declaration and pay statements. *See* Exhibit A. The quantifiable amount of money at stake relative to the cost of continued litigation makes the matter appropriate for default judgment, particularly considering that the calculation of damages is reasonable considering the federal and Arizona wage claims alleged in this case. *Aguirre*, 2023 WL 4237329, at *5 (finding back wages, liquidated damages, and interest calculations reasonable).

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Aguirre*, 2023 WL 4237329, at *1, *3. Moreover, Defendant has not made any attempt to contest those allegations or appear. The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Plaintiff served Defendant by certified mail on October 18, 2023, and the tracking through the United States Post Service indicates it was delivered to Defendant on November 17, 2023. Doc. 10-1 at ¶ 4. Furthermore, Defendant was served by U.S. Mail with the default application on December 14, 2023 (Doc. 10), yet Defendant still has not appeared. There is no excusable neglect on the part of the Defendant. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal.2001) (reasoning that excusable neglect is not present when defendants "were properly served with the Complaint, the notice of entry of

default, as well as the papers in support of the instant motion"). This factor weighs in favor of default. *Aguirre*, 2023 WL 4237329 at *3 (noting excusable neglect unlikely where defendant was properly served).

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered. *Aguirre*, 2023 WL 4237329 at *3 (citing *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004)). Courts have concluded that "this factor does not weigh very heavily." *Id*. As discussed, Defendant has been aware of the lawsuit at least since being served by certified mail as ordered by this Court. Defendant had ample time to answer or otherwise respond and failed to do so. Defendant cannot reasonably argue it must have a decision on the merits after ignoring this lawsuit after service.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendant.

## IV. The Court should Grant Statutory Damages in addition to Back Wages.

Plaintiff is entitled to back wages as discussed *supra*, Section III(3). Plaintiff is also entitled to certain statutory damages provided in the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute. The FLSA provides that any employer who violates the overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003). Double damages is the norm and single damages is the exception. *Id*. This means that Plaintiff's federal overtime damages – $21,997.63 for overtime back wages resulting from off the clock work and improper rates applied when overtime was paid – must be doubled to a total of $43,995.26.

Finally, Plaintiff is entitled to treble damages under the Arizona Wage Statute for Defendant's failure to timely pay her regular wages due. The Arizona Wage Statute requires unpaid wage damages be trebled; specifically, "if an employer…fails to pay wages

due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. Therefore, Plaintiff's damages for unpaid straight time at her regular rate of pay of $1,471.25 should be trebled to a total of $4,413.75.

Plaintiff is also entitled to statutory damages for unpaid minimum wage in the form of liquidated damages under the FLSA (*see* 29 U.S.C. § 216(b)) and double damages under the Arizona Minimum Wage Statute. Rather than recoup both statutory penalties for unpaid minimum wage, Plaintiff is only seeking the statutory damages provided in the Arizona Minimum Wage Statute. The Arizona Minimum Wage Statute requires statutory damages in addition to back wages be awarded in "an amount equal to twice the underpaid wages." A.R.S. § 23-364(G). As such, Plaintiff is entitled to $788.42 in statutory damages under the Arizona Minimum Wage Statute in addition to the $394.21 she is due for back wages from unpaid minimum wage.

### V.     Plaintiff is Entitled to Attorneys' Fees and Costs.

Plaintiff is entitled to her attorneys' fees and costs pursuant to the FLSA, 29 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein,* 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory."). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco* 2013 WL 4543836 at *2.

Plaintiff is similarly entitled to attorneys' fees under the Arizona Minimum Wage Statute. A.R.S. § 23-364(G)("A prevailing party shall be entitled to reasonable attorneys' fees and costs of suit."). Plaintiff is also entitled to attorneys' fees based on her Arizona Wage Statute claims; wage claims arise out of an employment contract and therefore a

successful party may recover an award of attorneys' fees if they prevail on the wage claim. *Ellico v. Hackberry Elementary Sch. Dist. No. 3 of Mohave Cty. Governing Bd.*, 2014 WL 465848, at *5 (Ariz. App. 2014); *see also Abrams v. Horizon Corp.*, 137 Ariz. 73, 80 (1983) (affirming that an award of attorneys' fees related to a claim under § 23- 355 was proper under § 12-341.01).

If the Court enters default judgment, Plaintiff will be the prevailing party and entitled to attorneys' fees and costs under the wage statutes at issue. Pursuant to L.R.Civ. 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

**VI. Conclusion**

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, individually and collectively, in the amount of $49,591.64, which is comprised of:

| Type of Damages | Actual Damages | Statutory Penalties | Total |
|---|---|---|---|
| Overtime from off the clock work | $20,651.18 | $20,651.18 | $41,302.36 |
| Overtime due to improper rate | $1,346.45 | $1,346.45 | $2,692.90 |
| Arizona Wage Statute unpaid wages | $1,471.25 | $2,942.50 | $4,413.75 |
| Arizona Minimum Wage Statute unpaid minimum wage | $394.21 | $788.42 | $1,182.63 |
| **Totals:** | **$23,863.09** | **$25,728.55** | **$49,591.64** |

Plaintiff further requests that the Court allow her to file a motion for attorneys' fees and costs following entry of a default judgment. Plaintiff further requests that these amounts be augmented by post-judgment interest pursuant to 28 U.S.C § 1961.

DATED: January 26, 2024.

**FRANKEL SYVERSON PLLC**

By   *s/ Ty. D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

- 9 -

|   |   |
|---|---|
| 1 | **FRANKEL SYVERSON PLLC**<br>Patricia N. Syverson |
| 2 | 9655 Granite Ridge Drive, Suite 200<br>San Diego, California 92123 |
| 3 | *Attorneys for Plaintiff* |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, a true copy of the foregoing document filed through the ECF system was electronically sent to registered recipients as identified on the Notice of Electronic Filing and paper copies were sent via U.S. Mail to those non-registered participants of the CM/ECF System listed below:

Pride Dealer Services Inc.
500 E. Las Olsas Blvd., #4207
Fort Lauderdale, FL 33301

By    *s/ David J. Streyle*