**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayra Rodriguez, | No. CV-23-01955-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Pride Dealer Services Incorporated, | |
| Defendant. | |

Plaintiff has filed a Motion for Default Judgment against Defendant. (Doc. 15). Defendant has not filed a response. For the following reasons, the Court will grant the Motion and direct entry of default judgment against Defendant Pride Dealer Services Incorporated in the amount of $47,639.00.

**BACKGROUND**

Plaintiff filed this action for the recovery of unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on September 18, 2023. (Doc. 1, "Compl."). Defendant is a Florida corporation that operates a car reconditioning business in Arizona. *Id.* at ¶ 9. Plaintiff asserts Defendant routinely failed to pay her owed overtime wages and required her to work hours off the clock for which she was not compensated. *Id.* at ¶¶ 17-22. After five unsuccessful attempts to personally serve Defendant (Doc. 7-1), Plaintiff served Defendant via certified mail on November 17, 2023 (Docs. 9, 10-1). Defendant did not file an answer or otherwise participate in the action. The Clerk of Court

entered default against Defendant pursuant to Fed. R. Civ. P. 55(a) on December 14, 2023. (Doc. 11). On January 26, 2024, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 15, "Mot.").

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999). Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over Counts One and Two. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Arizona state law claims, Counts Three and Four, because they are "part of the same case or controversy" as Plaintiff's federal law claim. 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over Defendant. Plaintiff's claims arise from Defendant's business activities in Arizona and its alleged failure to comply with federal and state employment laws during those activities. Compl. at ¶¶ 7–68; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### I. Possible Prejudice to Plaintiffs

Continuation of this action despite Defendant's failure to answer or otherwise participate would prejudice Plaintiff by precluding a judicial resolution of his claims. This factor weighs in favor of granting default judgment. *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018).

**II. Merits of the Claim and Sufficiency of the Complaint**

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). In considering these factors, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a minimum wage claim under the FLSA, a plaintiff must allege they were not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. And to bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek when they worked more than forty hours and was not paid overtime wages for those hours. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 207. An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). An individual can be subject to liability under the FLSA when she "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). To bring a claim under the AMWA, a plaintiff must allege they were not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A). To bring a claim under the AWA, a plaintiff must allege the Defendant failed to pay wages due to the plaintiff. A.R.S. § 23-355.

Plaintiff has alleged she typically worked "seven days per week from 5 a.m. until 9 p.m." from "June 14, 2023 until August 28, 2023," was not "paid for all the overtime hours she worked" and was not paid "at the proper overtime rate," and was not paid the applicable minimum wage for certain "regular hours she worked." Compl. at ¶¶ 14, 19, 21-22, 31.

Plaintiff also alleges Defendant's enterprise "at all relevant times has been engaged in interstate commerce" and has "gross annual volume of sales made or business done [] greater than $500,000." *Id.* at ¶ 9. Plaintiff also alleges he was an employee of Defendant and Defendant was his employer as defined by A.R.S. § 23-362. *Id.* at ¶¶ 10-11.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against Defendant under the FLSA, AMWA, and the AWA. These factors support entering default judgment.

### III. Amount in Controversy

This factor requires the court to consider the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $49,591.64 in trebled unpaid wages and liquidated unpaid overtime wages. Mot. at 11. This requested amount is reasonable and proportional to Defendant's failure to pay applicable minimum and overtime wages under federal and state law. This factor supports entering default judgment.

### IV. Dispute Over Material Facts

No genuine dispute of material facts prevents granting Plaintiff's motion given the sufficiency of Plaintiff's complaint and Defendant's default. *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor supports entering default judgment.

### V. Excusable Neglect

Plaintiff executed proper service against Defendant in this action, (Docs. 9, 10-1), and there is nothing indicating Defendant's failure to answer is due to excusable neglect. This factor supports entering default judgment.

### VI. Policy Favoring Decisions on the Merits

Although there is a strong preference for decisions on the merits whenever reasonably possible, *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) indicates this preference is not dispositive, *PepsiCo*, 238 F. Supp. 2d at 1177. Since Defendant has failed to appear and respond, a decision on the merits is not possible. This factor supports entering default judgment.

**VII. Conclusion**

All the *Eitel* factors support entering default judgment in this case. This Court will grant Plaintiff's Motion and enter default judgment accordingly.

## DAMAGES

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages," their "unpaid overtime compensation," and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. And under the AWA, an employer is "required to pay the employee the balance of the wages" owed, with interest, "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. During Plaintiff's employment with Defendant culminating in December 2022, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $13.85 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[1]

Plaintiff submitted an affidavit stating she typically worked "112 hours per week" over her approximately eleven workweeks working for Defendant at an agreed rate of $25 per hour. (Doc. 15-1 at ¶¶ 3, 5, 9). Plaintiff states Defendant routinely failed to pay her at the overtime rate for hours worked above forty hours in a workweek and routinely required her to work off-the-clock hours she was not compensated for. *Id.* at ¶¶ 6-7; *see also* Compl. at ¶¶ 21-22, 31. Plaintiff provides an accounting of her unpaid wages in her affidavit, using her estimated 112 hours per week for most workweeks and her estimated 79 hours worked during her final pay period. (Doc. 15-1 at ¶¶ 15, 20, 22, 24). But Plaintiff's accounting in both her motion and affidavit contains errors.

First, Plaintiff claims she worked 79 hours (including 10.267 overtime hours) during her final pay period, for which she was only paid for 28 hours at $25 per hour. *Id.* After subtracting the 28 paid hours, Plaintiff is left with 51 unpaid hours, 10.267 of which are overtime hours. Plaintiff includes the 10.267 unpaid overtime hours in one table claiming

---

[1] https://www.azica.gov/labor-minimum-wage-main-page (last accessed Jan. 3, 2024).

her overtime rate of $37.50 for those hours, *see id.* at ¶ 20, then includes the full 51 unpaid hours in her unpaid wages table, claiming her $25 rate for those hours, *see id.* at ¶ 24. This accounting double counts the 10.267 overtime hours, effectively claiming an owed wage for those hours of $62.50 rather than the proper $37.50 overtime rate. Plaintiff is, as she suggests in the overtime table, *see id.* at ¶ 20, owed $385.01 for the 10.267 unpaid overtime hour. But she is *not* owed her $25 rate for those same hours, so her calculation for unpaid wages owed during her final pay period should be based on 40.733 hours worked rather than the full 51 hours, yielding unpaid regular wages of $1,018.33—$256.67 less than the $1,275 she claims for this period.

Second, Plaintiff claims unpaid minimum wage damages for her final pay period, as the $700 she was paid for her 79 hours worked works out to $8.86 per hour—less than Arizona's $13.85 minimum wage. *Id.* at 26. While it is true that Plaintiff is entitled to minimum wage damages for this discrepancy under the AMWA, these damages ($4.99 per hour) are engulfed by her unpaid wage and unpaid overtime claims for these same hours. Plaintiff may not "stack" these damages to recover both minimum wage *and* unpaid wage or unpaid overtime wages damages for the same hours. *See Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual."); *Acosta v. Pindernation Holdings LLC*, 2023 WL 3951222, at *4–5 (D. Ariz. Mar. 1, 2023), report and recommendation adopted, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (finding Arizona law does not authorize stacked awards under the FLSA, AMWA, and AWA). The Court finds Plaintiff's claimed minimum wage damages are improper as duplicative and will not be awarded.

After discounting the 10.267 double-counted wage and overtime wage hours described above, Plaintiff claims 550.698 hours of unpaid overtime for off-the-clock work at the overtime rate of $37.50 per hour; 107.716 of unpaid overtime hours at the overtime premium of $12.50; and 48.583 hours of unpaid work at the rate of $25. (Doc. 15-1). Plaintiff's unpaid overtime damages under the FLSA are $21,997.63,[2] plus an equal

---

[2] 550.698 * $37.50 + 107.716 * $12.50

amount in liquidated damages for a total of **$43,995.26**. Plaintiff's unpaid wage damages under the AWA are $1,214.58,[3] plus statutory trebling of damages for a total of **$3,643.74**.

Since the damages sought by Plaintiff are provided for by statute and—after slight modification from the Court as outlined above—Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff **$47,639** in damages. The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a). The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 15) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $47,639.00 in damages and liquidated damages under the FLSA and AWA. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 6th day of May, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[3] 48.583 * $25.00