**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mayra Rodriguez, | No. CV-23-01955-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Pride Dealer Services Inc., a Florida corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") (Doc. 18) seeking $22,832.09 in fees and costs. For the reasons that follow, the Court will grant Plaintiff's award of fees and costs in a reduced amount of $12,100.11.

## BACKGROUND

Plaintiff filed this suit for unpaid wages, overtime, and minimum wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1). Defendant Pride Dealer Services, Inc. was properly served (Doc. 9) but failed to answer or otherwise participate in the action. The Court granted default judgment against Defendant in the amount of $47,639.00. (Doc. 16).

## ATTORNEYS' FEES

### I. ENTITLEMENT AND ELIGIBILITY TO FEES

Plaintiff requests $22,270.00 in attorneys' fees and $562.09 in costs in accordance with Federal Rule of Civil Procedure 54, Local Rule of Civil Procedure 54.2, and

29 U.S.C. § 216(b)—the FLSA's fee-shifting provision that "provides for attorney fees and costs to a successful plaintiff." *Haworth v. State of Nev.*, 56 F.3d 1048, 1050 n.1 (9th Cir. 1995).  The Court finds Plaintiff is eligible for, and entitled to, attorneys' fees.

The FLSA requires courts to award reasonable attorneys' fees to successful plaintiffs.  29 U.S.C. § 216(b); *see also Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) ("[The statute] provides that an award of attorney's fee 'shall' be made to the successful plaintiff.  The award of an attorney's fee is mandatory.").  As the prevailing party in the present FLSA action, (Doc. 16), Plaintiff is entitled to attorneys' fees.

Although Plaintiff has demonstrated entitlement to an award of fees, Plaintiff is not entitled to payment for time spent in preparing the instant Motion.  The Ninth Circuit generally permits an award of fees for time expended in preparing a motion for attorneys' fees.  *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."); *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) (citing *In re Nucorp*, 764 F.2d at 660) ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee.").  However, to receive an award for fees associated with preparing an attorneys' fees motion, strict compliance with this Court's Local Rules is required.

Local Rule of Civil Procedure 54.2(c)(2) provides: "If the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable expenses, *such party also must cite the applicable legal authority supporting such specific request*." (emphasis added).  Here, Plaintiff requests fees for 7.4 hours billed in preparing the instant Motion and its supporting documents.[1]  Plaintiff does not, however, cite to any applicable legal authority supporting this request.  The Court finds Plaintiff is not entitled to payment for the 7.4 hours spent in preparing this Motion.  Thus,

---

[1] The Court is referring to four specific time entries between May 13 and May 17, 2024. (See Doc. 18-1, Ex. A at 8-9).  These time entries include drafting the Motion, revising it, drafting supporting documents such as declarations, and preparing exhibits.

preliminarily, the Court will reduce the fee award by $2,120.00. *See Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 803–04 (D. Ariz. 2013) ("[Plaintiff] has failed to specifically cite any applicable legal authority supporting his claim of entitlement to fees for preparing the motion and memorandum for award of attorneys' fees, as required by LRCiv 54.2(c)(2) .... Accordingly, [Plaintiff] has not shown that he is entitled to recovery for the 22.6 hours of attorney time spent in preparing his motion for fees and costs. The court will reduce the reasonable hours component of the lodestar calculation accordingly."); *see also Croomes v. Stream Glob. Servs.-AZ, Inc.*, No. CV11-0141-PHX-JAT, 2012 WL 1247021, at *4 (D. Ariz. Apr. 13, 2012) (denying defendant's request for fees incurred in preparing motion for fees and costs because defendant failed to cite any legal authority supporting request); *see also J & J Sports Prods., Inc. v. Margaillan*, No. CIV 13-312-TUC-CKJ, 2014 WL 169801, at *2 (D. Ariz. Jan. 15, 2014) ("No authority having been provided for an award for the preparation of the pending motion, the Court will reduce the requested award by $450.00 (2.75 hours), the amount requested for the preparation of the pending motion.").

The Court finds Plaintiff is entitled to recover fees, excluding those incurred in preparing the instant Motion.

## II.   REASONABLENESS OF REQUESTED AWARD

While the FLSA mandates an award of attorneys' fees to a successful plaintiff, 29 U.S.C. § 216(b), "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the

legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[2]  The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

### A.  Hourly Rates

The first question is whether Plaintiff's asserted rate is reasonable.  "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099).  And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's Counsel, Ty Frankel and Patti Syverson, are partners at Frankel Syverson PLLC with decades of experience in wage and hour law litigation.  (Doc. 18-1 at 2-3).  According to Mr. Frankel's declaration, he and Ms. Syverson have practiced law in Arizona since 2009 and 2000, respectively.  (Doc. 18-1 at 2-3).  Plaintiff asserts a $400 per hour billing rate for both Mr. Frankel and Ms. Syverson (Doc. 18 at 4), supported by Mr. Frankel's declaration outlining the extent of their experience and stating the $400 rate is reasonable (Doc. 18-1).  Additionally, Plaintiff asserts a $190 hourly billing rate for the

---

[2]  LRCiv. 54.2 also lists factors the Court must address when determining the reasonableness of the requested award.  These factors are largely duplicative of the *Kerr* factors.

firm's paralegal, David Streyle, who has allegedly been working as a paralegal for over 20 years.  (Doc. 18-1 at 4, 8).

According to Mr. Frankel, his and Ms. Syverson's $400 hourly rate, along with Mr. Streyle's $190 hourly rate, "are generally in accordance with the rates charged by other lawyers and paralegals in this community with similar experience and education." (Doc. 18-1 at 9).  In 2020, the District of Arizona twice awarded fees to Plaintiff's Counsel in FLSA cases at hourly rates of $350-$400 for attorneys Frankel and Syverson and $190 for paralegal Streyle.  *See Alvarez v. Direct Energy Bus. Mktg. LLC*, No. CV-16-03657-PHX-SPL, Doc. 272-1; *see also Shoults v. G4S Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, Docs. 327-2, 330.  The prevailing rates for FLSA cases in the District of Arizona and Counsel's experience support their requested hourly rates.  Thus, the Court finds the $400 hourly attorney rate and the $190 hourly paralegal rate to be reasonable.

**B.  Hours Expended**

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest."  *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)).  Courts may "exclude from this initial fee calculation hours that were not reasonably expended."  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations omitted); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Unreasonable hours may be excluded in one of two ways.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).  First, courts may exclude unreasonable hours after "conduct[ing] an hour-by-hour analysis of the fee request[.]'"  *Id.* (internal quotation marks omitted). Second, courts "faced with a massive fee application" may "make across-the-board percentage cuts either in the number of hours claimed or in the

final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.* (internal quotation marks and brackets omitted); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). When a district court excludes hours, it must explain how it came up with the amount of an attorneys' fees award. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The explanation need not be elaborate, but it must be comprehensible ... Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." (citations omitted).

Plaintiff submits a task-based itemized statement of time Plaintiff's Counsel expended on this case. (Doc. 18-1, Ex. A). The itemized statement lists Counsel's total number of hours expended as 68.8 hours. (*Id.*). Having carefully considered the time and labor reasonably required for each task in Plaintiff's itemized statement, the Court finds the hours expended proffered by Plaintiff are not reasonable. Accordingly, the Court will decrease the lodestar amount by reducing the number of hours the Court deems unreasonable as set forth in the table attached to this Order, *infra* (the "Table"). The reduction of the lodestar amount is supported by consideration of the relevant *Kerr* factors discussed below.

### 1. Factors (1), (2), and (3): Time, Difficulty, and Skill

The first three *Kerr* factors courts consider are (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, and (3) the skill required to perform the legal service properly.

As an initial matter, parties may not recover fees for tasks performed by attorneys and paralegals which are clerical or administrative in nature. *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019); *see Neil v. Comm'r of Soc. Sec.*,

495 Fed.Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *see also Pearson v. Nat'l Credit Sys., Inc.*, No. 2: CV-10-0526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13. 2010) ("[T]asks which are clerical in nature are not recoverable.").

Non-compensable clerical or administrative tasks include, but are not limited to:  (1) reviewing Court-generated notices; (2) scheduling dates and deadlines; (3) calendaring dates and deadlines; (4) notifying a client of dates and deadlines; (5) preparing documents for filing with the Court; (6) filing documents with the Court; (7) informing a client that a document has been filed; (8) personally delivering documents; (9) bates stamping and other labeling of documents; (10) maintaining and pulling files; (11) copying, printing, and scanning documents; receiving, downloading, and emailing documents; and (12) communicating with Court staff. *I.T. ex rel. Renee T. v. Dep't of Educ., Hawaii*, 18 F. Supp. 3d 1047, 1062 (D. Haw. 2014), *aff'd sub nom. I. T. by & through Renee & Floyd T. v. Dep't of Educ., Hawaii*, 700 F. App'x 596 (9th Cir. 2017) (internal citations omitted).

Here, Counsel seeks compensation for 8.4 hours of clerical and administrative tasks including "prepar[ing] civil cover sheet and summons," "complet[ing] electronic filing," submitting documents to process server, reviewing orders from the Court, requesting records, mailing documents, tracking mail, and preparing documents for filing with the Court.  Consequently, Counsel may not recover for these tasks because they "should have been subsumed in firm overhead."  *Nadarajah*, 569 F.3d at 921.  The Table attached denotes all submitted time entries containing clerical and administrative tasks in green coloring and accordingly lists a reduction in the amount billed.  Thus, the Court will reduce the number of hours expended by an additional 8.4 hours to account for non-compensable clerical and administrative tasks.

Additionally, the Court finds that a further reduction of hours is warranted based on the relatively low complexity of the case and the correspondingly diminished demands required of Counsel who have substantial expertise in the law.  Plaintiff contends the time and labor expended was reasonable "given the course of the litigation" as related to matters such as performing preliminary legal research, filing a Complaint, dealing with an evasive defendant, and preparing a motion for default judgment.  (Doc. 18 at 5-6).  This case is a relatively straightforward one dealing simply with a plaintiff who was not paid her wages by her employer, as evidenced by the 10-page Complaint.  Counsel billed over 10 hours for tasks performed regarding relatively simple service issues, such as a 3-page motion for alternative service.  Defendant never appeared, and Plaintiff needed not litigate the case.  Indeed, Plaintiff applied for default (another straightforward procedure) and was subsequently required to show cause for failing to timely file a motion for default judgment.  Eventually, Plaintiff moved for default judgment, and the case ended.

In other words, Counsel performed the bare minimum in order to receive a judgment, yet claims compensation for an enormous number of hours typical only in complex FLSA cases.  Consequently, the Court will further reduce the fee award by adjusting the unreasonable entries as denoted in purple coloring in the Table, marking a 34 percent reduction in compensable hours (after subtracting the non-compensable fees motion and clerical tasks).  *See Sclafani v. Allianceone Receivables Mgmt.*, No. 09-61675-CIV, 2011 U.S. Dist. LEXIS 142771, at *6 (S.D. Fla. Sep. 28, 2011) (reducing Plaintiff's compensable hours by 30 percent because it "was not a particularly novel or complicated case," "it should not have required the claimed degree of time and labor," and Counsel "has extensive experience with FDCPA cases").

### 2. Factor (9): Experience, Reputation, and Ability of the Attorneys

The Court's reduction of hours is further supported by Counsel's exceptional experience, reputation, and ability.  Mr. Frankel's states Counsel has decades of experience in wage and hour law.  Indeed, the Court finds that Counsel's extensive experience and competency in matters at bar is commensurate with Counsel's ability to handle routine

wage cases in an efficient manner.  Counsel's experience and reputation—while entitling them to charge higher rates—enables Counsel to perform tasks quicker than their less-seasoned counterparts.  *See Grey v. Chater*, No. 95 CIV. 8847 (JFK), 1997 WL 12806, at *2 (S.D.N.Y. Jan. 14, 1997) (finding the number of hours spent by counsel who was experienced in Social Security benefits law was excessive in light of the diminished complexity of the case and reducing the hours from 65.03 to 30).

### 3.  Factor (12): Awards in Similar Cases

Fee orders in similar cases support a reduction of hours.  The District of Arizona has considered numerous motions for attorneys' fees involving routine FLSA cases where a defendant has defaulted and the court has granted plaintiff a default judgment; counsel in these cases, experienced and inexperienced alike, have never come close to expending and requesting the 68.8 hours Counsel claims here.  *See Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *3 (D. Ariz. May 23, 2024) (**19.1 hours**); *Mumphrey v. Good Neighbor Cmty. Servs. LLC*, No. CV-23-00923-PHX-ROS, 2023 WL 8702103, at *3 (D. Ariz. Dec. 15, 2023) (**11.1 hours**); *Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 5932805, at *3 (D. Ariz. Sept. 12, 2023) (**22.3 hours**); *Aguirre v. Custom Image Pros LLC*, No. CV-23-00419-PHX-ROS, Doc. 20, (D. Ariz. Nov. 16, 2023) (**12.7 hours**); *Ramos v. Probuilds* LLC, No. CV-23-01111-PHX-SMM, 2024 WL 1078078, at *5 (D. Ariz. Feb. 26, 2024), *report and recommendation adopted*, No. CV-23-01111-PHX-SMM, 2024 WL 1071204 (D. Ariz. Mar. 12, 2024) (**15.3 hours**) ; *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, No. CV-23-00009-TUC-BGM, 2024 WL 942101 at *3 (D. Ariz. Mar. 5, 2024) (**14.7 hours**); *Johnson v. Colvin*, No. CV-23-00623-PHX-JZB, 2024 WL 3488405 (D. Ariz. June 13, 2024), *report and recommendation adopted*, No. CV-23-00623-PHX-SMM (JZB), 2024 WL 3471317 at *2 (D. Ariz. July 19, 2024) (**32.3 hours**); *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM-MTM, 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (**14.6 hours**); *Peralta v. Custom Image Pros LLC*, No. CV-23-00358-PHX-JAT, 2024 WL 620901 at *2 (D. Ariz. Feb. 14, 2024) (**10.9 hours**); *Rodriguez v. D'Auto Boys LLC*, No. CV2201420PHXSMMJZB, 2024

WL 1861247, at *2 (D. Ariz. Apr. 5, 2024), *report and recommendation adopted*, No. CV2201420PHXSMMJZB, 2024 WL 1856557 (D. Ariz. Apr. 29, 2024) (**14 hours**); *Castro v. C&C Verde LLC*, No. CV-18-04715-PHX-JZB, 2019 WL 13244383, at *2 (D. Ariz. Oct. 9, 2019) (**14.2 hours**).

Counsel's proffer of 68.8 hours substantially exceeds hours expended in similar FLSA cases within this District where default judgment swiftly disposes of the case following a defendant's failure to litigate the case. Thus, the Court's reduction in the number of hours to 34.9 hours is fair, reasonable, and consistent with (and comparatively generous to) other similar cases. The Court finds the lodestar figure is $11,538.02 (34.9 hours at rates of $400 and $190).

## C. Remaining Applicable *Kerr* Factors

Despite a "strong assumption that the 'lodestar' method represents a reasonable fee," *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023), the Court "has discretion to adjust the lodestar upward or downward" based on the *Kerr* factors not subsumed in the lodestar calculation, *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Courts must assess these factors and must articulate "with sufficient clarity the manner in which it makes its determination." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014). The above lodestar analysis subsumes many of the *Kerr* factors. The Court considers the remaining applicable factors here and finds none justify adjusting the lodestar figure.

Plaintiff argues Counsel should be awarded its full fees based on their contingency fee agreement,[3] the favorable result obtained, and the "undesirability" of the case based on the "relatively small" amount involved in the dispute. The Court acknowledges Counsel's efforts in obtaining a favorable result for Plaintiff; however, "the quality of an attorney's

---

[3] Plaintiff's fee agreement with Counsel (Doc. 18-1, Ex. B) states "[i]f client recovers monies in the case, the Firm shall be entitled to the greater of 33-1/3% of the amount ultimately recovered or the actual amount of fees incurred (based on the attorney's customary hourly rate(s) and hours expended)." Although the Court is not asked to determine the amount owed to Counsel by Plaintiff, it notes that the amount of Counsel's reasonable fees is less than 33-1/3% of the amount of the judgment.

performance generally should not be used to adjust the lodestar figure … because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (internal quotation omitted).  Additionally, based on the allegations, Plaintiff's judgment of $47,639.00 is not an "undesirable" sum.  Therefore, the Court finds no adjustment to the lodestar amount is necessary.

### D.  Conclusion

The Court finds Counsel is not entitled to recover (1) tasks related to preparing the instant motion and (2) clerical/administrative tasks.  Additionally, the Court finds Counsel expended an unreasonable number of hours based on the simplicity of the case, Counsel's extensive knowledge and experience in handling wage cases, and awards in similar cases previously granted by this District.  Accordingly, a reduction in the number of hours from 68.8 to 34.9 is justified.  Having found the $400 hourly attorney rate and the $190 hourly paralegal rate reasonable, the Court will award attorney' fees in the amount of **$11,538.02**.

### COSTS

In addition to attorneys' fees, Plaintiff requests $562.09 in out-of-pocket costs, Mot. at 7, detailed in Mr. Frankel's Declaration (Doc. 18-1 at 12).  Reasonable out-of-pocket expenses are awardable as "costs of the action" under the FLSA.  *See Van Dyke v. BTS Container Serv., Inc.*, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009).  The Court finds Plaintiff's requested out-of-pocket costs—consisting of filing fees, service of process costs, and postage costs—reasonable and will award Plaintiff **$562.09** in costs.

Accordingly,

…

…

…

…

…

1

2

      **IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**.  The Court awards Plaintiff $11,538.02 in attorneys' fees and $562.09 in costs.

      Dated this 24th day of September, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

| Date | Atty | Description | Hours | Rate | Amount | Reduction Percentage | Reduced Amount |
|------|------|-------------|-------|------|--------|---------------------|----------------|
| 9/11/2023 | TDF | Teleconference with Mayra Rodriguez regarding (Redacted) | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 9/12/2023 | TDF | Analyze documents regarding potential claims against Pride Dealer Services | 1.50 | $400.00 | $600.00 | 50% | $300.00 |
| 9/12/2023 | TDF | Communications with Rodriguez regarding (Redacted) | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 9/13/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 9/13/2023 | TDF | Analyze documents | 1.00 | $400.00 | $400.00 | 50% | $200.00 |
| 9/14/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 9/14/2023 | TDF | Draft complaint | 1.00 | $400.00 | $400.00 | 50% | $200.00 |
| 9/15/2023 | TDF | Multiple correspondence with Rodriguez regarding (Redacted) | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 9/15/2023 | TDF | Draft complaint | 2.50 | $400.00 | $1,000.00 | 50% | $500.00 |
| 9/17/2023 | PNS | Review client documents and review draft complaint | 1.00 | $400.00 | $400.00 | 50% | $200.00 |
| 9/18/2023 | TDF | Finalize complaint | 1.50 | $400.00 | $600.00 | 50% | $300.00 |
| 9/18/2023 | DJS | Proof, revise and finalize complaint (1.2); Prepare civil cover sheet and summons (.2); Complete electronic filing of same (.2); Exchange email with T. Frankel re same (.1) | 1.70 | $190.00 | $323.00 | 24% | $77.52 |
| 9/18/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 9/18/2023 | PNS | Telephone conference with Mr. Frankel regarding allegations | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 9/20/2023 | DJS | Submit complaint and related case initiating documents to Liddy Legal Support Services to be served | 0.50 | $190.00 | $95.00 | 100% | $0.00 |
| 9/20/2023 | PNS | Review initial orders from court | 0.20 | $400.00 | $80.00 | 100% | $0.00 |

| 9/25/2023 | DJS | Exchange email with T. Frankel re status of service of complaint and case initiating documents | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
|---|---|---|---|---|---|---|---|
| 9/29/2023 | DJS | Telephone conference with Liddy re status of service of complaint (.1); Exchange email with T. Frankel re same (.1) | 0.20 | $190.00 | $38.00 | 0% | $38.00 |
| 9/29/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 10/2/2023 | DJS | Exchange email with Brett Long of Liddy re status of service of complaint and case initiating documents (.1); Exchange email with T. Frankel and P. Syverson re same (.1) | 0.20 | $190.00 | $38.00 | 0% | $38.00 |
| 10/2/2023 | PNS | Discuss service of process issues | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 10/6/2023 | DJS | Prepare email to T. Frankel and P. Syverson re status of service of complaint and case initiating documents | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 10/10/2023 | DJS | Exchange email with Brett Long of Liddy and re failed service and next steps (.2); Exchange email with T. Frankel re same (.1) | 0.30 | $190.00 | $57.00 | 0% | $57.00 |
| 10/10/2023 | TDF | Research regarding alternative service | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 10/10/2023 | PNS | Review email regarding service of process issues | 0.10 | $400.00 | $40.00 | 50% | $20.00 |
| 10/11/2023 | TDF | Research regarding motion for alternative service | 2.00 | $400.00 | $800.00 | 50% | $400.00 |
| 10/12/2023 | TDF | Draft motion for alternative service | 2.00 | $400.00 | $800.00 | 50% | $400.00 |
| 10/12/2023 | TDF | Correspondence to Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |

| 10/12/2023 | DJS | Exchange email with Brett of Liddy re attempted service and affidavit re same (.1); Prepare email to T. Frankel re same (.1) | 0.20 | $190.00 | $38.00 | 0% | $38.00 |
|---|---|---|---|---|---|---|---|
| 10/12/2023 | PNS | Review affidavit regarding attempted service | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 10/13/2023 | TDF | Draft motion for alternative service | 3.00 | $400.00 | $1,200.00 | 50% | $600.00 |
| 10/13/2023 | PNS | Review motion for alternative service | 0.20 | $400.00 | $80.00 | 50% | $40.00 |
| 10/16/2023 | TDF | Finalize motion for alternative service | 0.50 | $400.00 | $200.00 | 50% | $100.00 |
| 10/16/2023 | PNS | Discuss motion for alternative service with Mr. Frankel | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 10/16/2023 | DJS | Review and revise draft motion for alternative service, exhibits and proposed order (.7); Communicate with T. Frankel re same (.1); Revise and finalize same (.2); Electronically file same (.1); Prepare email Judge Silver with Word version of proposed order (.1) | 1.20 | $190.00 | $228.00 | 50% | $114.00 |
| 10/17/2023 | TDF | Review order regarding alternative service | 0.10 | $400.00 | $40.00 | 100% | $0.00 |
| 10/17/2023 | DJS | Begin process to request documentation via FOIA / public records requests from DOL and ICA (.1); Exchange email with T. Frankel re same (.1) | 0.20 | $190.00 | $38.00 | 50% | $19.00 |
| 10/18/2023 | DJS | Complete mailing of Complaint and case initiating documents via Certified Mail (.4); Communicate with T. Frankel re same (.2); Travel to and from post office re same (.4) | 1.00 | $190.00 | $190.00 | 100% | $0.00 |

| 10/18/2023 | DJS | Confer with T. Frankel re certified mailing, tracking same, filing notice of service and docketing answer date | 0.10 | $190.00 | $19.00 | 50% | $9.50 |
|---|---|---|---|---|---|---|---|
| 10/24/2023 | DJS | Track 10/18/23 certified mailing of complaint and case initiating documents; Exchange email with T. Frankel re same | 0.10 | $190.00 | $19.00 | 100% | $0.00 |
| 10/24/2023 | DJS | Prepare email to DOL to obtain documents pursuant to Freedom of Information Act - Public Records Request | 0.10 | $190.00 | $19.00 | 50% | $9.50 |
| 10/24/2023 | DJS | Review email acknowledgement from Glenn Lewis of DOL re FOIA Public Records Request | 0.10 | $190.00 | $19.00 | 50% | $9.50 |
| 10/24/2023 | DJS | Prepare and submit public records request form to Industrial Commission of Arizona | 0.30 | $190.00 | $57.00 | 100% | $0.00 |
| 10/26/2023 | DJS | Track 10/18/23 certified mailing of complaint and case initiating documents; Exchange email with T. Frankel re same | 0.10 | $190.00 | $19.00 | 100% | $0.00 |
| 10/26/2023 | DJS | Communicate with T. Frankel re Notice of Alternative Service (.1); Prepare same (.1); Electronically file same (.1) | 0.30 | $190.00 | $57.00 | 50% | $28.50 |
| 10/26/2023 | TDF | Draft notice of service | 0.30 | $400.00 | $120.00 | 0% | $120.00 |
| 10/26/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 10/26/2023 | PNS | Discuss alternative service issues with T. Frankel | 0.10 | $400.00 | $40.00 | 50% | $20.00 |

| 10/30/2023 | DJS | Review USPS tracking status of certified mail (.1); Exchange email with T. Frankel re same and docketing response (.2); Review FRCP re same (.2) | 0.50 | $190.00 | $95.00 | 50% | $47.50 |
|---|---|---|---|---|---|---|---|
| 10/30/2023 | TDF | Evaluate status of service | 0.10 | $400.00 | $40.00 | 100% | $0.00 |
| 10/30/2023 | PNS | Email with Mr. Frankel regarding service issues | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 11/8/2023 | DJS | Review Acknowledgement letter and Interim Response letters from U.S. DOL re records request and confer with T. Frankel re same | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 11/16/2023 | DJS | Review USPS tracking re service by mail and exchange email with T. Frankel re same | 0.10 | $190.00 | $19.00 | 100% | $0.00 |
| 11/27/2023 | TDF | Research regarding application for default judgment | 0.40 | $400.00 | $160.00 | 0% | $160.00 |
| 11/30/2023 | DJS | Draft application for default and supporting affidavit | 1.00 | $190.00 | $190.00 | 0% | $190.00 |
| 11/30/2023 | TDF | Analyze issues regarding application for default and timing for submission | 0.40 | $400.00 | $160.00 | 0% | $160.00 |
| 11/30/2023 | TDF | Correspondence to Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 11/30/2023 | PNS | Discuss timing for filing for default judgment with T. Frankel | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 12/1/2023 | TDF | Communications with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 12/4/2023 | DJS | Review email from Christina Sanchez of AZICA re public records request | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 12/6/2023 | DJS | Prepare email to Crystal Thompson of DOL re narrowing scope of request to Compliance Action Reports and case narratives | 0.10 | $190.00 | $19.00 | 0% | $19.00 |

| 12/12/2023 | TDF | Finalize application for default, supporting exhibits, and obtain notarization regarding same | 2.00 | $400.00 | $800.00 | 50% | $400.00 |
|---|---|---|---|---|---|---|---|
| 12/12/2023 | PNS | Review application of default and discuss filing same | 0.50 | $400.00 | $200.00 | 50% | $100.00 |
| 12/12/2023 | DJS | Finalize application for default and exhibit (.2); Exchange email with T. Frankel re same (.1); Electronically file same (.1); Complete mailing of hard copy of filing to Defendant (.4) | 0.80 | $190.00 | $152.00 | 63% | $96.00 |
| 12/12/2023 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 12/14/2023 | TDF | Review order regarding default | 0.10 | $400.00 | $40.00 | 100% | $0.00 |
| 12/14/2023 | TDF | Research regarding motion for default judgment | 1.00 | $400.00 | $400.00 | 50% | $200.00 |
| 12/14/2023 | DJS | Review email from Crystal Thompson of U.S. DOL re FOIA requests and search DOL Data Enforcement database to identify specific case ID numbers requesting in response to FOIA request (.1); Prepare email to Thompson re same (.1) | 0.20 | $190.00 | $38.00 | 0% | $38.00 |
| 12/14/2023 | PNS | Review default entered by clerk and discuss with Mr. Frankel | 0.30 | $400.00 | $120.00 | 100% | $0.00 |
| 1/2/2024 | DJS | Review email and attached final response correspondence from Federal Department of Labor re FOIA request | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/3/2024 | DJS | Review complaint and client documents and begin preparing damages estimate | 0.50 | $190.00 | $95.00 | 50% | $47.50 |

| 1/4/2024 | DJS | Review complaint and client documents and complete preparation of damages estimate (1.3); Prepare email to T. Frankel re same (.1) | 1.40 | $190.00 | $266.00 | 0% | $266.00 |
|----------|-----|---|------|---------|---------|------|---------|
| 1/4/2024 | DJS | Review email and attachment from Industrial Commission of Arizona re public records request | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/9/2024 | TDF | Analysis regarding damages for motion for default | 0.50 | $400.00 | $200.00 | 0% | $200.00 |
| 1/9/2024 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 1/9/2024 | DJS | Telephone call to Mayra Rodriguez re (Redacted) | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/10/2024 | DJS | Exchange email with T. Frankel re attempt to reach Mayra Rodriguez re (Redacted) | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/10/2024 | TDF | Review order to show cause | 0.10 | $400.00 | $40.00 | 100% | $0.00 |
| 1/10/2024 | TDF | Draft notice regarding order to show cause | 0.30 | $400.00 | $120.00 | 0% | $120.00 |
| 1/10/2024 | DJS | Follow up telephone call to Mayra Rodriguez re (Redacted); Prepare email to Rodriguez re same | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/10/2024 | DJS | Exchange email with Mayra Rodriguez to (Redacted) | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/10/2024 | PNS | Review order to show cause regarding motion for default (0.1); review draft response notice to same (0.1); discuss with Mr. Frankel (0.1) | 0.30 | $400.00 | $120.00 | 50% | $60.00 |
| 1/11/2024 | DJS | Telephone call to and leave voicemail for Mayra Rodriguez re (Redacted) | 0.10 | $190.00 | $19.00 | 0% | $19.00 |
| 1/11/2024 | DJS | Follow up telephone call to Rodriguez re (Redacted) and prepare email to T. Frankel re same | 0.10 | $190.00 | $19.00 | 0% | $19.00 |

| 1/11/2024 | TDF | Finalize notice regarding order to show cause | 0.20 | $400.00 | $80.00 | 50% | $0.00 |
|---|---|---|---|---|---|---|---|
| 1/11/2024 | DJS | Finalize Notice re Order to Show Cause (.1); Electronically file same (.1); Complete mailing of hard copy to defendant via US Mail (.1) | 0.30 | $190.00 | $57.00 | 100% | $0.00 |
| 1/11/2024 | PNS | Review Court's order granting extension on motion for default | 0.10 | $400.00 | $40.00 | 100% | $0.00 |
| 1/15/2024 | TDF | Communication with Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 1/16/2024 | TDF | Teleconference with Rodriguez regarding (Redacted) | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 1/22/2024 | TDF | Draft motion for default judgment and supporting declaration | 5.20 | $400.00 | $2,080.00 | 50% | $1,040.00 |
| 1/23/2024 | DJS | Review and revise damages estimates, draft motion for default and declaration in support of same (2.0); Confer with T. Frankel re same (.3) | 2.30 | $190.00 | $437.00 | 50% | $218.50 |
| 1/23/2024 | TDF | Revise damages analysis for motion to default | 0.70 | $400.00 | $280.00 | 50% | $140.00 |
| 1/24/2024 | DJS | Compile and redact pay statements for attachment to declaration in support of motion for default (.4); Prepare and insert tables detailing damages calculations into motion and declaration (1.5); Further revise motion and declaration (1.2); Prepare email to T. Frankel re same (.1) | 3.20 | $190.00 | $608.00 | 50% | $304.00 |
| 1/25/2024 | TDF | Revise motion for default judgment | 3.00 | $400.00 | $1,200.00 | 50% | $600.00 |

| 1/25/2024 | PNS | Review and revise motion for default, supporting declaration and proposed order (0.5); telephone conferences with Mr. Frankel and Mr. Streyle regarding same (0.3) | 0.80 | $400.00 | $320.00 | 50% | $160.00 |
|---|---|---|---|---|---|---|---|
| 1/25/2024 | TDF | Communications to Rodriguez regarding (Redacted) | 0.30 | $400.00 | $120.00 | 0% | $120.00 |
| 1/25/2024 | DJS | Review and revise final draft motion for default and supporting declaration (.7); Communicate with T. Frankel and P. Syverson re same (.2) | 0.90 | $190.00 | $171.00 | 50% | $85.50 |
| 1/25/2024 | DJS | Prepare email to Mayra Rodriguez re (Redacted) (.1); Transmit same via Dropbox Sign for e-signature (.1) | 0.20 | $190.00 | $38.00 | 50% | $19.00 |
| 1/25/2024 | DJS | Review executed declaration in support of motion for default back from Mayra Rodriguez (.1); Exchange email with T. Frankel re same (.1) | 0.20 | $190.00 | $38.00 | 0% | $38.00 |
| 1/26/2024 | DJS | Review and finalize Motion for Default Judgment and related documents (.9); Communicate with T. Frankel re same; Electronically file same (.1); Prepare email to Judge attaching proposed order in Word (.1); Complete mailing of same to defendant (.4) | 1.50 | $190.00 | $285.00 | 50% | $142.50 |
| 1/26/2024 | TDF | Finalize motion for default judgment | 1.00 | $400.00 | $400.00 | 50% | $200.00 |
| 1/26/2024 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 1/26/2024 | PNS | Telephone conference with Mr. Frankel regarding motion for default | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 3/11/2024 | TDF | Correspondence with Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |

| 5/6/2024 | TDF | Review order and judgment regarding wage claims | 0.20 | $400.00 | $80.00 | 100% | $20.00 |
|----------|-----|-------------------------------------------------|------|---------|--------|------|--------|
| 5/6/2024 | TDF | Correspondence to Rodriguez regarding (Redacted) | 0.10 | $400.00 | $40.00 | 0% | $40.00 |
| 5/6/2024 | PNS | Review order granting default judgment (0.2); telephone conference with Mr. Frankel regarding collectability issues (0.1) | 0.30 | $400.00 | $120.00 | 66.6% | $40.00 |
| 5/7/2024 | TDF | Research regarding collecting judgment | 0.20 | $400.00 | $80.00 | 0% | $80.00 |
| 5/13/2024 | TDF | Draft application for attorneys' fees and supporting declaration | 2.70 | $400.00 | $1,080.00 | 100% | $0.00 |
| 5/14/2024 | TDF | Revise motion for attorneys' fees and costs | 0.70 | $400.00 | $280.00 | 100% | $0.00 |
| 5/16/2024 | DJS | Review and revise draft application for attorneys' fees and expenses and supporting declaration (.8); Begin preparing exhibits to each (.4) | 1.20 | $190.00 | $228.00 | 100% | $0.00 |
| 5/17/2024 | DJS | Continue preparing exhibits to application for attorneys' fees and expenses and supporting declaration (1.7); Review and revise fee application and declaration in support of same (1.1) | 2.80 | $190.00 | $532.00 | 100% | $0.00 |

**Submitted Totals:**   68.80 hrs.   $22,270.00

**Reduced Totals:**   34.90 hrs.   $11,538.02

| Color Key | |
|-----------|--|
| | **Tasks reduced based on reasonable time/labor/skill** |
| | **Clerical/administrative tasks** |
| | **Tasks related to preparing the Instant Motion** |